IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 02-00116 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING IN PART AND** |
| vs. | ) | **DENYING IN PART MOTION TO** |
| | ) | **WITHDRAW AS COUNSEL** |
| LEI SHI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION
TO WITHDRAW AS COUNSEL**

Counsel for Defendant Lei Shi ("Lei Shi") has moved to withdraw as counsel on the grounds that the relationship between attorney and client has deteriorated, and that the defendant has asked for new counsel to represent him at sentencing and on appeal.  Lei Shi's request is granted in part and denied.  Lei Shi's current counsel will represent him at sentencing, but new counsel will be substituted for his representation on appeal.

**PROCEDURAL HISTORY**

On January 24, 2006, a Motion to Withdraw as Counsel was filed, along with a Declaration of Counsel and Memorandum of Law in support (Doc. 413.)

On January 24, 2006, the Government filed an Opposition to Defendant's Request for Substitution of Counsel" (Doc. 412.)

On January 31, 2006, this matter came on for hearing.  The Court sealed the hearing for the portion dealing with the

attorney-client relationship discussion.

## BACKGROUND

Defendant Lei Shi was charged in an Indictment filed on April 4, 2002, which was superseded on August 31, 2005. He was charged with, inter alia, seizing and exercising control over a ship, the Full Means Number 2, by force and through acts of violence, including the resultant death of the captain and first mate, in violation of 18 U.S.C. § 2280. On November 16, 2005, after trial, the jury returned a guilty verdict on all counts. Lei Shi's sentencing took place on February 23, 2006.

An attorney from the Office of the Federal Public Defender initially represented Lei Shi. On or about July 6, 2004, the Court appointed Lei Shi's current counsel, Richard T. Pafundi, Esq. Mr. Pafundi filed numerous pre-trial pleadings, argued numerous motions, and represented Lei Shi throughout the trial.

At the January 31, 2006 hearing, both Lei Shi and Mr. Pafundi were given the opportunity to address the Court. Mr. Pafundi represented that Lei Shi will likely raise an ineffective assistance of counsel claim on appeal. Lei Shi complained that he wanted new counsel, stating that he lacked confidence in Mr. Pafundi because Lei Shi had asked him to do things that Mr. Pafundi refused to do. Lei Shi also expressed his dissatisfaction with the frequency in which he communicated with Mr. Pafundi. Lei Shi complained that he did not meet with Mr.

Pafundi enough, particularly before trial.  Mr. Pafundi offered evidence of his numerous visits and extensive work on the case by way of his itemized bill for services rendered.  The itemization provided evidence of his frequent meetings and telephone conversations with Lei Shi.

Lei Shi has made two prior requests – in February 2005 and in October 2005 (on the eve of trial) – to replace Mr. Pafundi with new counsel.  This Court, after careful examination of the facts and after questioning Mr. Pafundi and Lei Shi in closed hearings outside of the Government's presence, denied Lei Shi's previous requests.

## ANALYSIS

In addressing a motion for substitution or withdrawal of counsel, the Court should: (1) consider the timeliness of defendant's motion; (2) make an adequate inquiry into the defendant's complaint; and (3) consider whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense.  See United States v. Roston, 986 F.2d 1287, 1292 (9th Cir. 1993).

In this case, at the time of the January 31, 2006 hearing, Lei Shi's trial concluded and the only remaining proceeding before this Court was Lei Shi's sentencing scheduled for February 23, 2006.  Mr. Pafundi submitted that new counsel would be able

to review the trial transcript and prepare to represent Lei Shi at sentencing.  While new counsel could become familiar with the case by reviewing the record, it is likely that new counsel would need additional time to adequately prepare.  See United States v. Franklin, 321 F.3d 1231, 1238-39 (9th Cir. 2003).  In comparison, Mr. Pafundi is intimately familiar with the issues in this complex case and, as Mr. Pafundi represented at the hearing, he stood ready to represent Lei Shi at sentencing.  The delay that would be required to insure that a new attorney would be prepared must be weighed against the reasons for changing attorneys.  There is a lack of basis for changing attorneys at sentencing.

    The Court has made an extensive inquiry into the nature of Lei Shi's complaint.  At the January 31, 2006 hearing, the Court gave Lei Shi the opportunity to speak at length about his desire for new counsel.  The Court asked Lei Shi to describe any specific concerns he had with Mr. Pafundi's representation and asked Lei Shi more than once whether he had stated all grounds for his request for new counsel.  Both Lei Shi and Mr. Pafundi addressed the extent of their communication.  Mr. Pafundi had documented his out of court meetings and telephone conversations with Lei Shi.  The number of motions and objections made by Mr. Pafundi alone demonstrate the significant time and attention that Mr. Pafundi has afforded Lei Shi's case.  The Court confirmed that Mr. Pafundi was ready to represent Lei Shi at sentencing.

Lei Shi has not demonstrated that there is a conflict between him and Mr. Pafundi that results in a total lack of communication. See Franklin, 321 F.3d at 1239. Lei Shi's complaints about Mr. Pafundi's representation, in large part, concern trial strategy. The law is clear that trial tactics are within the realm of powers committed to the discretion of defense counsel. See United States v. Corona-Garcia, 210 F.3d 973, 977 n.2 (9th Cir. 2000) (trial tactics within defense counsel's discretion); United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998) (defendant has no right to attorney who shares his view of trial strategy); LaGrand v. Stewart, 133 F.3d 1253, 1276-77 (9th Cir. 1998) (defendant has no right to meaningful relationship with counsel, just an ability to communicate with him).

The Court observed that Lei Shi and Mr. Pafundi communicated extensively throughout the trial. Although there was a court appointed interpreter present at all times throughout the trial, there were many occasions where Mr. Pafundi and Lei Shi directly communicated without the interpreter's assistance.

The Court finds that Mr. Pafundi has provided competent and effective representation both before and during the trial.[1] The

---

[1] The Court applies the same factors in considering an effective assistance of counsel claim as it does in considering a motion for substitution of counsel. See Franklin, 321 F.3d at 1239 n.2.

fact that Lei Shi may wish to raise an ineffective assistance of counsel claim on appeal does not warrant substitution of counsel at the sentencing stage of the proceedings.  In light of the fact that Lei Shi has indicated that he may wish to raise an ineffective assistance of counsel claim on appeal, the Court will permit Mr. Pafundi to withdraw as counsel for Lei Shi on appeal.

## CONCLUSION

Defendant's Motion to Withdraw as Counsel (Doc. 413) is **GRANTED IN PART AND DENIED IN PART**.

For the reasons set forth in this order and stated at the January 31, 2006 hearing on the motion to withdraw, Mr. Pafundi shall represent Lei Shi during the period up to and including the sentencing proceedings.  Mr. Pafundi will also make any necessary filings to preserve Lei Shi's appellate rights.  Mr. Pafundi shall then request that a United States Magistrate Judge appoint Lei Shi new counsel for his representation on appeal at which time Mr. Pafundi will be allowed to withdraw as counsel for Lei Shi.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 21, 2006.



_____
Helen Gillmor
Chief United States District Judge

_____
UNITED STATES OF AMERICA V. LEI SHI; CRIM. NO. 02-00116 HG; **ORDER**

**GRANTING IN PART AND DENYING IN PART MOTION TO WITHDRAW AS COUNSEL**