IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00116 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEI SHI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) (COMPASSIONATE RELEASE) (ECF No. 470)**

Defendant Lei Shi ("Defendant") is currently incarcerated at the Federal Correctional Institute in Yazoo County, Mississippi with a projected release date of April 27, 2033.

On November 20, 2023, Defendant, proceeding pro se, filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(C)(1)(A) (Compassionate Release).  (ECF No. 470).

Defendant's Motion for Compassionate Release (ECF No. 470) is **DENIED**.

## PROCEDURAL HISTORY

On April 4, 2002, the grand jury returned the Indictment. (ECF No. 12).

On August 31, 2005, the Government filed the First Superseding Indictment charging Defendant with three counts of violence against maritime navigation resulting in death in violation of 18 U.S.C. §§ 2280(a)(1)(A) and (a)(1)(B).  (ECF No.

1

320).

On October 18, 2005, jury trial commenced. (ECF No. 377).

On November 16, 2005, the jury returned a guilty verdict on all three counts. (ECF No. 407).

On February 23, 2006, the Court sentenced Defendant to 36 years imprisonment followed by a five year term of supervised release. (ECF No. 418).

On June 1, 2006, the Court issued the Judgment of Conviction in a Criminal Case. (ECF No. 428).

On November 20, 2023, the Court received a letter from Defendant, which the Court construes as a Motion for Compassionate Release. (ECF No. 470).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Generally, a federal court may not modify a term of imprisonment once it has been imposed. United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). This general rule is subject to several exceptions, one of which provides courts the discretion to grant a prisoner a reduction in sentence, referred to as compassionate release, when certain conditions are met. Id. (citing 18 U.S.C. § 3582(c)(1)(A)).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, allows a defendant to directly petition the district court for compassionate release. United States v. Wright, 46

F.4th 938, 945 (9th Cir. 2022); United States v. Abdullah, 2023 WL 8449507, at *2 (W.D. Wash. Dec. 6, 2023).  See 18 U.S.C. § 3582(c)(1).  Before the court may consider defendant's motion for compassionate release, the defendant must first present his request to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A); Abdullah, 2023 WL 8449507, at *2.

The court has the authority to grant a defendant's motion for compassionate release if three conditions are met:

(1)  the defendant has either exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or has waited 30 days after the warden has received such a request, whichever is earlier;
(2)  the defendant has established "extraordinary and compelling reasons" for the requested sentence reduction; and
(3)  the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A); Abdullah, 2023 WL 8449507, at *2.

If the motion meets all three conditions, the court then considers whether the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, favor release.  18 U.S.C. § 3582(c)(1)(A); Abdullah, 2023 WL 8449507, at *2.  The factors include, inter alia, the nature and circumstances of the offense; the history and characteristics of the defendant; the need to avoid unwarranted sentence disparities; and the need for the sentence to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with training, medical care, or other correctional treatment in the

most effective manner.  18 U.S.C. § 3553(a).

## ANALYSIS

The Court has a duty to construe Defendant's pro se motion liberally.  United States v. Qazi, 975 F.3d 989, 992-993 (9th Cir. 2020).  This duty particularly applies to motions filed by pro se prisoners.  Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001), as amended (June 5, 2001).

Defendant's motion fails to meet the first condition set by 18 U.S.C. § 3582(c)(1)(A):  exhaustion of administrative remedies.  Defendant has neither alleged nor provided evidence that he submitted a request for a reduction in sentence to the Warden of the Federal Correctional Institute Yazoo.  (See Defendant's Letter Motion, ECF No. 470).  The statute only allows the Court to consider a request for compassionate release after Defendant has first presented his request to the Bureau of Prisons.  The Motion is not properly before the Court because Defendant has not exhausted his remedies.  18 U.S.C. § 3582(c)(1)(A); Keller, 2 F.4th at 1282.

The Court need not address the remaining conditions for compassionate release:  whether Defendant has established extraordinary and compelling reasons for a sentence reduction, whether such a reduction is consistent with the policy statements of the Sentencing Commission, and whether a reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A); See Keller, 2 F.4th at 1284 ("[A]lthough

4

a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."); Abdullah, 2023 WL 8449507, at *2.

Defendant's Motion for Compassionate Release is **DENIED**. (ECF No. 470).

## CONCLUSION

Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (ECF No. 470) is **DENIED**.

IT IS SO ORDERED.

Dated: December 14, 2023, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Lei Shi, 02-cr-00116 HG-01; **ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) (COMPASSIONATE RELEASE) (ECF No. 470).**